UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

**MARISSA ROSINO, TUCKER LAMB,
STEPHANIE ROSSI, ROBERT TREPSAS,**
in their individual capacities and
on behalf of others similarly situated,

Plaintiffs,

v.

**QUADAMI, INC.,** d/b/a Vincent's Clam Bar,
**ANTHONY MARISI,** an individual, and
**ROBERT "BOBBY" MARISI,** an individual,

Defendants.

**COMPLAINT FOR DAMAGES**

Case No. _____

**JURY TRIAL REQUESTED**

---

## COMPLAINT

### INTRODUCTION

1. Plaintiffs Marissa Rosino, Tucker Lamb, Stephanie Rossi, and Robert Trepsas worked for Defendants' Long Island Italian restaurant for several years apiece. During their employment, each Plaintiff was subjected to Defendants' unlawful pay practices including, but not limited to, "time shaving," underpayment of the minimum wage due to improper claim to the "tip credit," lack of "spread of hours" pay, and failure to pay overtime at the correct rate and/or at all for hours over 40 worked in the workweek. To challenge these and other wage violations, Plaintiffs, in their individual capacities and on behalf of others similarly situated, bring this action, by and through their attorneys, against Defendants Quadami, Inc., d/b/a Vincent's Clam Bar, Anthony Marisi and Robert "Bobby" Marisi, to recover unpaid or underpaid wages and other damages under the provisions of the Fair

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. (hereinafter "FLSA") and the New York Minimum Wage Act, N.Y. Lab. Law, Art. 19, § 650, *et seq*. (hereinafter, "NYLL").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq*. of the FLSA.

3. This Court has supplemental jurisdiction over Plaintiffs' state law claims by authority of 28 U.S.C. § 1367.

4. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq*. A significant portion of the events giving rise to the instant litigation occurred at the Defendants' restaurant, bar, and catering facility located at 179 Old Country Road, Carle Place, New York 11517 and one or more of the Defendants named herein resides in this district.

## PARTIES

### DEFENDANTS

5. Defendants own and operate an Italian restaurant called Vincent's Clam Bar located at 179 Old Country Road, Carle Place, New York 11517.

### Corporate Defendant: Quadami, Inc.

6. Defendant **Quadami, Inc.** d/b/a Vincent's Clam Bar (hereinafter "Vincent's") is a corporation doing business within the County of Nassau, and whose principal place of business is located at 179 Old Country Road, Carle Place, New York 11517. Its registered agent is listed with the New York Department of State as Quadami, Inc., at the same address.

7. At all relevant times, Defendant Vincent's had annual gross revenues well in excess of $500,000.

8. At all relevant times, Defendant Vincent's was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

9. At all times material to this action, Defendant Vincent's was subject to the FLSA and was an "employer" of the Plaintiffs and others similarly situated, as defined by § 203(b) of the FLSA.

**Individual Defendants: Anthony and Bobby Marisi**

10. Defendant Anthony Marisi ("Anthony"), an individual, resides in Garden City and/or West Hempstead, New York, Nassau County, upon information and belief.

11. Defendant Robert "Bobby" Marisi ("Bobby"), an individual, resides in Woodbury, New York, Nassau County, upon information and belief.

12. Bobby and Anthony Marisi are brothers, upon information and belief.

13. Bobby and Anthony each have an ownership interest of 10% or more of Defendant Quadami.

14. Defendant Anthony is listed with the New York Department of State as the Chief Executive Officer of Defendant Vincent's.

15. At all times material to this action, Anthony and Bobby both actively participated in the business of the corporation and exercised substantial control over the functions of the company's employees including Plaintiffs. For example, both individual defendants hold a weekly meeting that includes the restaurant managers; both supervise/oversee the activities of the managers as well as other staff members including Plaintiffs and others

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

similarly situated; they direct the shift managers to make the time deductions alleged below; and have the authority to hire and fire employees, set their rates of pay, and determine pay policies and practices.

16. At all times material to this action, Anthony and Bobby have been "employers" of the Plaintiffs and others similarly situated, as defined by § 203(b) of the FLSA and NYLL.

## PLAINTIFFS

### All Plaintiffs

17. At all times material to this action, all of the named Plaintiffs were "employees" within the meaning of 29 U.S.C. § 203(e), as were others similarly situated.

18. All Plaintiffs worked for Vincent's and were paid on a basis other than salary. Specifically, they were paid on the basis of hourly pay and/or hourly pay plus tips.

19. Plaintiffs were expected to, and did, record, *inter alia*, their time worked by utilizing Defendants' computerized "POS" (point of sale) system.

20. Vincent's opens at 11:00am and remains open continuously until the last dinner guests leave, usually after midnight on weekends but around 11:00pm on weekdays. Generally, the lunch shift lasts from approximately 11:00 to around 3:30, then there is a period of slower activity, then the dinner shift begins around 5:00pm.

21. Defendants do not have a set closing time and require at least some of their employees to continue working until all customers have been fully served. Generally, the last employees are permitted to leave, upon a manager or owners approval, around 1:30 a.m. after all customers have left and employees have cleaned the restaurant and prepared it for the next day.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

22. For servers, the shifts were scheduled as "splits" or "throughs." As to a "split," one set of 5-6 servers would come in between 9:00am and 10:30am to set up, work the lunch shift, clock out for about an hour somewhere in the timeframe of approximately 3:00-4:30, then would return by around 4:30 to prepare for and work the dinner shift, ending at around 11:00pm. As to a "through," another set of 5-6 servers would come in around 11:00am and simply stay through closing. The net result of this structure was that during the slow afternoon period, only about half as many servers would be working.

**Plaintiff Marissa Rosino**

23. Plaintiff Marissa Rosino is a resident of Long Beach, New York, which is in Nassau County.

24. Plaintiff Rosino worked for Vincent's Clam Bar as a server from approximately August 2012 to approximately July 2016.

25. The basis of Plaintiff Rosino's pay was hourly plus tips.

26. For her hourly pay, Plaintiff Rosino was paid at a subminimum wage rate.

27. Plaintiff Rosino's shifts varied over the years she was there. However, at relevant times, she recalls that a typical workweek would consist of three "doubles" (i.e. lunch and dinner shifts) and two dinner shifts. A "double" would typically last from approximately 11:00am to 11:00pm or later. A dinner shift would typically last from around 4:30pm to around 11:00pm. Thus, a schedule of three doubles and two dinner shifts would yield a workweek of approximately 49 hours per week ((12 hrs x 3) + (6.5 hrs x 2)).

28. For the hours over 40 worked in the workweek, Plaintiff Rosino's rate of pay was the subminimum wage rate she was normally paid per hour, times time and a half.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

29. For all, or substantially all, of the occasions on which Plaintiff Rosino worked a "through" double shift, Defendants deducted a half hour of time.

30. Defendants not only knew, or reasonably should have known, that Plaintiff Rosino was unable to take a bona fide meal break of a half hour, but in fact on the occasion when she would attempt to take a brief break, a manager or owner would reprimand her and tell her to get back to work.

31. At least some of the time that was deducted from her hours worked would have been hours over 40 worked in the workweek.

32. On the occasions on which Plaintiff Rosino worked more than 10 hours in a workday, she received no additional "spread of hours" pay.

**Plaintiff Tucker Lamb**

33. Plaintiff Tucker Lamb is a resident of Carle Place, New York, which is in Nassau County.

34. Plaintiff Tucker Lamb worked for Vincent's Clam Bar as a server from approximately December 2006 to approximately April 2014.

35. The basis of Plaintiff Lamb's pay was hourly plus tips.

36. For his hourly pay, Plaintiff Lamb was paid at a subminimum wage rate.

37. While his schedule varied over the years, a typical work schedule for Plaintiff Lamb was that on Mondays and Thursdays he would work a "split" double shift (approximately 9 hours each), Friday through Sunday he would work a "through" double shift (approximately 12 hours each).

38. Based on this schedule a typical workweek would be 18+36 = 54 hours a week, but more broadly Plaintiff Lamb estimates that generally he worked approximately 45-70 hours per week.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

39. For the hours over 40 worked in the workweek, Plaintiff Lamb's rate of pay was the subminimum wage rate she was normally paid per hour, times time and a half.

40. For all, or substantially all, of the occasions on which Plaintiff Lamb worked a "through" double shift, Defendants deducted a half hour of time.

41. Defendants not only knew, or reasonably should have known, that Plaintiff Lamb was unable to take a bona fide meal break of a half hour, but in fact on the occasion when he would attempt to take a brief break, a manager or owner would reprimand him and tell him to get back to work.

42. At least some of the time that was deducted from her hours worked would have been hours over 40 worked in the workweek.

43. On the occasions on which Plaintiff Lamb worked more than 10 hours in a workday, he received no additional "spread of hours" pay.

**Plaintiff Stephanie Rossi**

44. Plaintiff Stephanie Rossi is a resident of Long Beach, New York, which is in Nassau County.

45. Plaintiff Stephanie Rossi worked for Vincent's Clam Bar as a server from approximately November 2010 to approximately mid-June 2014.

46. The basis of Plaintiff Rossi's pay was hourly plus tips.

47. For her hourly pay, Plaintiff Rossi was paid at a subminimum wage rate.

48. Plaintiff Rossi's shifts varied over the years she was there. However, at relevant times, she recalls that a typical workweek would be six days a week, comprised of two "split" double shifts (approximately 9 hours each), three "through" double shifts (approximately 12 hours each), and one evening shift (approximately 5.5 hours).

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Rosino et. al. v. Quadami Inc. et. al.*
USDC, Eastern District of New York

Complaint
Page 7

49. Thus, a schedule of this kind would yield a workweek of approximately 18+36+5.5 = 59.5 hours per week.

50. For the hours over 40 worked in the workweek, Plaintiff Rossi's rate of pay was the subminimum wage rate she was normally paid per hour, times time and a half.

51. For all, or substantially all, of the occasions on which Plaintiff Rossi worked a "through" double shift, Defendants deducted a half hour of time.

52. Defendants not only knew, or reasonably should have known, that Plaintiff Rossi was unable to take a bona fide meal break of a half hour, but in fact on the occasion when she would attempt to take a brief break, a manager or owner would reprimand her and tell her to get back to work.

53. At least some of the time that was deducted from her hours worked would have been hours over 40 worked in the workweek.

54. On the occasions on which Plaintiff Rossi worked more than 10 hours in a workday, she received no additional "spread of hours" pay.

**Plaintiff Robert Trepsas**

55. Plaintiff Robert Trepsas is a resident of Hicksville, New York, which is in Nassau County.

56. Plaintiff Robert Trepsas worked for Vincent's Clam Bar as a server from approximately November 2007 to approximately January 2013.

57. The basis of Plaintiff Trepsas's pay was hourly plus tips.

58. For his hourly pay, Plaintiff Trepsas was paid at a subminimum wage rate.

59. While his schedule varied over the years, a typical work schedule for Plaintiff Trepsas was working four "through" double shifts per week.

60. Based on this schedule a typical workweek would be approximately 48 hours a week.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

61. For the hours over 40 worked in the workweek, Plaintiff Trepsas's rate of pay was the subminimum wage rate she was normally paid per hour, times time and a half.

62. For all, or substantially all, of the occasions on which Plaintiff Trepsas worked a "through" double shift, Defendants deducted a half hour of time.

63. Defendants not only knew, or reasonably should have known, that Plaintiff Trepsas was unable to take a bona fide meal break of a half hour, but in fact on the occasion when he would attempt to take a brief break, a manager or owner would reprimand him and tell him to get back to work.

64. At least some of the time that was deducted from her hours worked would have been hours over 40 worked in the workweek.

65. On the occasions on which Plaintiff Trepsas worked more than 10 hours in a workday, he received no additional "spread of hours" pay.

**FLSA Collective Plaintiffs**

66. The Named Plaintiffs bring the First Claim for Relief as a Collective Action pursuant to 29 U.S.C. § 216(b), on behalf of all non-salaried (i.e. hourly or hourly plus tips) workers employed by Defendants working in "front of the house" or "back of the house' (but not "office") positions, on or after the date three years before the filing of the instant Complaint, in any location (the "FLSA Collective Plaintiffs").

67. Upon information and belief, all such individuals have been paid according to substantially uniform pay practices, have common or substantially similar job descriptions and duties, and are subject to common or substantially similar policies and procedures.

68. The FLSA Collective Plaintiffs are similarly situated, in that they have been subject to common pay practices and decisions on the part of the Defendants. The FLSA claims of

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

the Named Plaintiffs alleged herein are essentially the same as those of the other FLSA Collective Plaintiffs.

69. The identities of the individuals comprising the FLSA Collective are, or should be, readily ascertainable from Defendants' records. Notice can be provided to the FLSA Collective Plaintiffs via means including, but not necessarily limited to, first class mail and email.

**Rule 23 Class**

70. The Named Plaintiffs bring the Second Claim for Relief as a Class Action pursuant to Fed. R. Civ. Proc. 23, on behalf of all non-salaried (i.e. hourly or hourly plus tips) workers employed by Defendants working in "front of the house" or "back of the house' (but not "office") positions on or after the date six years before the filing of the instant Complaint within the state of New York (the "NYLL Class Plaintiffs").

71. The number of, and identities of, the individuals comprising the NYLL Class are, or should be, readily ascertainable from Defendants' records. Notice can be provided to the NYLL Class Plaintiffs via means permissible under FRCP 23, correlative caselaw, and appropriate judicial guidance.

72. The precise number of persons is unknown, as such information is in the custody and control of the Defendants. However, upon information and belief, there are easily more than fifty (50) individuals in the proposed NYLL Class.

73. The proposed Class is so numerous that joinder of all members is impracticable. Further, the disposition of their claims as a class will benefit the parties and the Court.

74. The Named Plaintiffs' claims are typical of those claims which could be alleged by any member of the class. Further, the relief sought by the Named Plaintiffs is typical of the relief which could be sought by any member of the proposed NYLL Class. The Class

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

members were all subject to the same practices, decisions, policies, plans, and customs of Defendants as alleged herein. There was nothing special about the Named Plaintiffs that caused them to be treated differently than other Class members in regards to the pay methods and practices to which they were subjected. Defendants benefitted from the unlawful withholding of wages due to members of the proposed Class and the Named Plaintiffs in the same way. Though the exact amounts may differ, Plaintiffs and other Class members incurred similar losses, injuries, and damages arising from Defendants' pay practices.

75. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Further, Plaintiffs are represented by attorneys who are experienced and competent in class/collective action litigation, employment litigation, and wage and hour employment litigation in particular.

76. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. In wage and hour litigation involving low wage workers in particular, the individual Class members more often than not lack the financial, language, time, and other resources to vigorously prosecute a lawsuit against Defendants having a superior bargaining positions. A class action will allow those similarly situated to prosecute their common claims together and minimize the need for duplicative efforts expended on their behalf. Though important and significant to Class members individually, the damages suffered by each of the individual Class members are relatively small relative to the costs associated with litigation; pooling them together therefore serves the end of efficiency.

77. In addition, important public interests will be served by treating this claim as a class action. Otherwise, there is a risk that some workers would be compensated according to the law

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

and others not, resulting in a net benefit to Defendants for those who were improperly paid but for whom no damages are assessed.

78. Further, many current and even former employees may fear untoward repercussions for asserting claims on their own. The NYLL requires proper and legal wage payments regardless of what individuals may acquiesce to when faced with desperation and unequal bargaining power positions. Class actions allow these unnamed workers to rest in their anonymity while seeing their rights vindicated.

79. There are questions of law and fact common to the Class that predominate over questions affecting class members individually. Some of these questions may include the following:

   a. Whether tipped putative class members have been improperly paid a sub-minimum wage rate;

   b. Whether putative class members have been subject to unlawful time shaving;

   c. Whether putative class members have been deprived of "spread of hours" pay to which they were entitled;

   d. Whether putative class members have been unlawfully denied proper overtime pay;

   e. Whether deductions made to putative class members' pay were improper;

   f. Whether putative class members received wage notices required by the NYLL;

   g. What Defendants' pay policies, practices, directives, instruction, programs, and procedures were for all relevant times;

   h. Whether Defendants maintained true and accurate time and payroll records; and

   i. What formulae are appropriate for calculating damages.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

# LEGAL CLAIMS

## As And For A First Cause of Action:
## FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

80. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

*Failure To Pay Time Overtime Properly*

81. Defendants failed to compensate Plaintiffs and others similarly situated at a rate of one and one half times the proper regular rate(s) for all hours over 40 worked in a workweek, in violation of the FLSA.

82. The proper way to calculate overtime for a subminimum wage employee is minimum wage times 1.5 minus the applicable tip credit.

83. Defendants had a policy and practice of calculating Plaintiffs' overtime rate by simply multiplying their subminimum wage rate by time and a half.

84. In addition, by engaging in "time shaving" practices, Defendants at least some of the time deprived Plaintiffs of pay altogether for the shaved time that otherwise would have constituted overtime work.

*Failure To Pay Minimum Wage*

85. Defendants failed to pay Plaintiffs and others similarly situated the minimum wage for all hours times they worked, in violation of the FLSA.

86. Defendants have paid the tipped employees at an hourly wage below the full federal minimum wage, i.e. at a "subminimum wage rate."

87. Defendants are not entitled to have enjoyed the benefits of the "tip credit" for reasons including, but not necessarily limited to, the following:

    a. Defendants required Plaintiffs to engage in "tip pooling" practices that have not

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

been in compliance with 29 C.F.R. § 531.54. Specifically, Defendants failed to notify their employees of required tip pool contribution amounts (e.g. by forcing a set percentage of food sales made rather than a percentage of tips actually received or a set monetary amount), took tip credits in excess for the amount of tips each employee ultimately received (e.g. by failing to account for the monies servers had to "tip out" to bussers, bartenders, and food runners), and retained some of the tips for other purposes (e.g. for alleged credit card fees).

b. In addition to their jobs as servers, Defendants require Plaintiffs to sell various non-menu items to customers such as jars of pasta sauce, apparel, and gift cards. None of these items are included in the sales amount from which tips were calculated. Plaintiffs and others similarly situated were not paid any compensation or wages for performing these sales activities. Thus, the tip credit should not have been utilized for the time worked by the employee as a salesperson rather than as a customarily tipped employee. 29 C.F.R. § 531.59(b).

***Improper Automatic Break Deductions When Breaks Not Taken***

88. Defendants' agents regularly deducted time from time logged by Plaintiffs and others similarly situated (including but not necessarily limited to one half hour per "through" shift or other shift extending across the afternoon) for alleged break or meal times.

89. Due to the nature of their responsibilities, Plaintiffs and others similarly situated were rarely able to take a break during their shifts. To the extent that they were able to take a break, it was generally in the range of 5-20 minutes. In addition, even during the time they were having a brief break, they were not fully relieved of all responsibilities and could have been called back to work at any moment.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

90. Plaintiffs' superiors were aware that Plaintiffs and others similarly situated did not regularly take the 30 minutes being deducted from their pay for alleged break time.

91. Defendants improperly deducted time for alleged break time despite the fact that its management agents were aware that Plaintiffs and others similarly situated regularly did not in fact take breaks of 30 or more minutes during his shifts.

92. To the extent that Plaintiffs and others similarly situated took any breaks at all, they were "rest periods" as defined by the regulations interpreting the FLSA, 29 C.F.R. § 785.18, and were therefore compensable.

93. As a result of these deductions, Defendants failed to pay Plaintiffs and others similarly situated for all hours they actually worked.

94. Further, as a result of these deductions, Defendants failed to pay Plaintiffs and others similarly situated for the hours above 40 worked in a workweek at a rate of time and a half their normal hourly rate.

### *Willful & Not Based On Good Faith & Entitlement to Damages*

95. Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

96. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

97. As a result of the violations by Defendants of the FLSA, the Plaintiffs and others similarly situated are entitled to all damages available under the FLSA which include, but are not limited to, all unpaid wages, overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

## NEW YORK LABOR LAW (NYLL) VIOLATIONS

98. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

99. At all relevant times, Plaintiffs and others similarly situated were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

### *Failure To Pay Overtime*

100. Defendants failed to compensate Plaintiffs and others similarly situated at a rate of one and one half times their normal hourly rates for hours over 40 in a workweek, in contravention of N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2.

101. As alleged above, Defendants calculated subminimum wage overtime rates incorrectly.

102. In addition, Defendants shaved time from employees' time worked, some of which was overtime work.

### *Spread of Hours*

103. Plaintiffs and others similarly situated worked more than 10 hours on at least some workdays, but Defendants failed to pay them an additional one-hour's pay at the applicable minimum wage rate, in contravention of. N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4.

104. Plaintiffs and others similarly situated worked a "split shift" on at least some workdays, but Defendants failed to pay them an additional one-hour's pay at the applicable minimum wage rate, in contravention of. N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4.

### *Failure To Pay Minimum Wage*

105. Defendants failed to pay Plaintiffs and others similarly situated the minimum wage for all hours they worked, in violation of NYLL § 652.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

106. Defendants have paid the tipped employees at an hourly wage below the full state minimum wage, i.e. at a "subminimum wage rate."

107. Defendants are not entitled to have enjoyed the benefits of the "tip credit" due to lack of full compliance with the requirements of NYCRR § 142-2.5.

108. Further, for non-tipped employees who have been paid an hourly wage right at the New York minimum wage rate, once time was shaved from the hours worked, the net result for the workweek is an effective rate less than the minimum wage rate.

*Improper Deductions*

109. The Defendants made deductions from the wages of Plaintiffs and others similarly situated other than those authorized under NYLL § 193. See also 12 N.Y. Comp. Codes R. & Regs. 142-2.10

110. Specifically, Defendants made deductions to Plaintiffs' wages for alleged credit card processing fees and customer walk-outs.

111. Further, by withholding credit card processing fees, Defendants failed to remit the full amount of "any charge purported to be a gratuity for an employee," thereby *de facto* accepting some part of gratuities received by or on behalf of the Plaintiffs and others similarly situated, in contravention of NYLL § 196-d.

*Failure To Provide Break Time*

112. Plaintiffs were employed in or in connection with Defendants' "restaurant."

113. Some Plaintiffs and others similarly situated worked a shift of more than six hours extending over the noon day meal timeframe (i.e. between 11:00 a.m. and 2:00 p.m.). Defendants failed to provide Plaintiffs and others similarly situated at least thirty minutes for the noon day meal, in contravention of NYLL § 162(2).

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

114. Some Plaintiffs worked a shift starting before 11:00 a.m. and ending later than 7:00 p.m. Defendants failed to provide Plaintiffs and others similarly situated an additional meal period of at least twenty minutes between 5:00 p.m. and 7:00 p.m., in contravention of NYLL § 162(3).

115. The New York Commissioner of Labor issued no authority, pursuant to NYLL § 162(5) permitting Defendants to provide shorter meal periods for Plaintiffs.

*Failure to Provide Wage Notices / Tip Notice*

116. Defendants failed to furnish all Plaintiffs and others similarly situated with a "wage notice" containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, in contravention of NYLL § 195(1)(a) and § 198(1)(b)

117. Defendants failed to furnish all Plaintiffs and others similarly situated with a "tip notice" or written notice of the employee's regular hourly pay rate, overtime hourly pay rate, the amount of tip credit, if any, to be taken from the basic minimum hourly rate, and the regular payday, and a statement that extra pay is required if tips are insufficient to bring the employee up to the basic minimum hourly rate. 12 N.Y. Comp. Codes R. & Regs. 146-2.2.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Rosino et. al. v. Quadami Inc. et. al.*
USDC, Eastern District of New York

Complaint
Page 18

*Damages*

118. Due to Defendants' New York Labor Code violations, Plaintiffs and others similarly situated are entitled to recover their unpaid wages, overtime, liquidated damages, interest, reasonable attorneys' fees, and costs associated with bringing the action. NY Lab. Code § 663(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and others similarly situated respectfully request that this Court grant the following relief:

(A) Certify Count I as a Collective Action pursuant to 29 U.S.C. § 216(b);

(B) Certify Count II as a Class Action pursuant to Fed. R. Civ. Proc. 23;

(C) Award Plaintiffs and others similarly situated unpaid and underpaid wages due under the FLSA and the New York Labor Law;

(D) Award Plaintiffs and others similarly situated liquidated damages in the amount of their unpaid FLSA wages pursuant to 29 U.S.C. § 216(b);

(E) Award Plaintiffs and others similarly situated liquidated damages pursuant to NYLL § 663;

(F) Award Plaintiffs and others similarly situated "spread of hours" pay in the amount of one times the then-applicable minimum wage rate for each day any Plaintiff worked 10 or more hours in a workday pursuant to N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.7;

(G) Award Plaintiffs and others similarly situated statutory damages as provided by the NYLL;

(H) Award Plaintiffs and others similarly situated interest;

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Rosino et. al. v. Quadami Inc. et. al.*
USDC, Eastern District of New York

Complaint
Page 19

(I) Award Plaintiffs and others similarly situated the costs of this action together with reasonable attorneys' fees; and

(J) Award such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Respectfully submitted, this **28th** day of **February, 2017.**

ANDERSONDODSON, P.C.

*(signature)*

**Penn A. Dodson (2244)**
*penn@andersondodson.com*

*(signature)*

**Alexander L. Gastman (AG 5014)**
*alex@andersondodson.com*

Attorneys for Plaintiffs

11 Broadway, Suite 615
New York, NY 10004
212.961.7639 tel
646.998.8051 fax