**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------X
**MARISSA ROSINO, TUCKER LAMB, STEPHANIE** :
**ROSSI, ROBERT TREPSAS, in their individual**       Case No.: 17-cv-01126 (ADS) (AYS)
**capacities and on behalf of others similarly situated,** :

                                  **Plaintiffs,**       :       **DEFENDANTS' ANSWER**
      - against –                                          **AND AFFIRMATIVE DEFENSES**
                                                                              :
**QUADAMI INC., d/b/a Vincent's Clam Bar, ANTHONY**
**MARISI, an individual, and ROBERT "BOBBY" MARISI,** :
**an individual,**
                                                                              :
                                **Defendants.**
-----------------------------------------------------------------------X

Defendants Quadami, Inc. d/b/a Vincent's Clam Bar ("Vincent's"), Anthony Marisi, and Robert "Bobby" Marisi (collectively, "Defendants"), by and through their attorneys, DENTONS US LLP, hereby answer the "Complaint for Damages" ("Complaint") of Plaintiffs Marissa Rosino, Tucker Lamb, Stephanie Rossi, Robert Trepsas, purportedly in their individual capacities and on behalf of others similarly situated ("Plaintiffs"), dated February 28, 2017, in the same numbered paragraphs as appear in the Complaint as follows:

       1.     Defendants deny the allegations set forth in the first and second sentences of paragraph 1 of the Complaint, except admit that Plaintiffs worked for Defendants' Long Island Italian restaurant.  The remaining allegations set forth in paragraph 1 of the Complaint constitute mere legal argument and conclusions to which no response is required.  To the extent said remaining allegations may be deemed to contain any factual allegations, Defendants deny such allegations, except admit that Plaintiffs purport to bring this action to recover unpaid or underpaid wages and other damages under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. (hereinafter "FLSA") and the New York Minimum Wage Act, N.Y. Lab. Law, Art. 19, § 650, *et seq*. (hereinafter, "NYLL").

2. Paragraph 2 of the Complaint sets forth mere legal argument and conclusion to which no response is required.  To the extent said paragraph is deemed to contain any factual allegations, Defendants deny such allegations, except admit that Plaintiffs allege that this Court has subject matter jurisdiction of the action.

3. Paragraph 3 of the Complaint sets forth mere legal argument and conclusion to which no response is required.  To the extent said paragraph is deemed to contain any factual allegations, Defendants deny such allegations, except admit that Plaintiffs allege that this Court has supplemental jurisdiction over Plaintiffs' state law claims.

4. Paragraph 4 of the Complaint sets forth mere legal argument and conclusion to which no response is required, except Defendants admit that a significant portion of the events giving rise to the instant litigation allegedly occurred at the Defendants' restaurant, bar, and catering facility located at 179 Old Country Road, Carle Place, New York 11514 and that one or more of the named Defendants resides in this district.  To the extent said paragraph is deemed to contain any factual allegations, Defendants deny such allegations, except admit that Plaintiffs allege that venue lies with this Court.

5. Defendants admit the allegations set forth in paragraph 5 of the Complaint.

6. Defendants admit the allegations set forth in paragraph 6 of the Complaint.

### RESPONSE TO STATEMENT OF FACTS

7. Defendants deny the allegations set forth in paragraph 7 of the Complaint, except admit that Vincent's had annual gross revenues in excess of $500,000 at all relevant times.

8. Paragraph 8 of the Complaint sets forth legal conclusions to which no response is required.  To the extent said paragraph is deemed to contain any factual allegations, Defendants

deny such allegations, except admit that Plaintiffs allege that Vincent's was engaged in interstate commerce.

9. Defendants deny the allegations set forth in paragraph 9 of the Complaint, except admit that Vincent's was subject to the FLSA and was an "employer" of the Plaintiffs and others similarly situated.

10. Defendants deny the allegations set forth in paragraph 10 of the Complaint, except admit that Anthony Marisi is an individual who resides in Nassau County.

11. Defendants deny the allegations set forth in paragraph 11 of the Complaint, except admit that Robert "Bobby" Marisi is an individual who resides in Nassau County.

12. Defendants admit the allegations set forth in paragraph 12 of the Complaint.

13. Defendants admit the allegations set forth in paragraph 13 of the Complaint.

14. Defendants admit the allegations set forth in paragraph 14 of the Complaint.

15. Defendants deny the allegations set forth in paragraph 15 of the Complaint, except admit that Anthony and Bobby Marisi actively participated in the business of the corporation, hold a weekly meeting that includes the restaurant managers, supervise and oversee the activities of the managers, have the authority to hire and fire employees, set employees' rates of pay, and determine pay policies and practices.

16. Paragraph 16 of the Complaint sets forth mere legal argument and conclusion to which no response is required. To the extent said paragraph is deemed to contain any factual allegations, Defendants deny such allegations.

17. Defendants admit that Plaintiffs and others similarly situated were employees within the meaning of 29 U.S.C. § 203(e) during their respective employment by Vincent's, but otherwise deny the allegations set forth in paragraph 17 of the Complaint.

18. Defendants admit the allegations set forth in paragraph 18 of the Complaint.

19. Defendants admit the allegations set forth in paragraph 19 of the Complaint.

20. Defendants deny the allegations set forth in paragraph 20 of the Complaint, except admit that there is a period of slower activity and the dinner shift begins around 5:00 pm.

21. Defendants deny the allegations set forth in paragraph 21 of the Complaint, except admit that they require at least some of their employees to continue working until all customers have been fully served and that the last employees are permitted to leave upon a manager or owner's approval.

22. Defendants deny the allegations set forth in paragraph 22 of the Complaint, except admit that for servers, the shifts were scheduled as "splits" or "throughs," that the split shift servers would work the lunch shift and clock out and then return to prepare for and work the dinner shift, and that the through shift servers would stay throughout their shift without clocking out.

**Responses to Plaintiff Marissa Rosino Allegations**

23. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Complaint, except admit that Long Beach, New York is in Nassau County.

24. Defendants admit the allegations set forth in paragraph 24 of the Complaint.

25. Defendants admit the allegations set forth in paragraph 25 of the Complaint.

26. Defendants deny the allegations set forth in paragraph 26 of the Complaint.

27. Defendants deny the allegations set forth in paragraph 27 of the Complaint and further deny knowledge or information sufficient to form a belief as to the truth of what Plaintiff Rosino recalls, except admits that Plaintiff Rosino's shifts varied over the years she was there.

28. Defendants deny the allegations set forth in paragraph 28 of the Complaint.

29. Defendants deny the allegations set forth in paragraph 29 of the Complaint.

30. Defendants deny the allegations set forth in paragraph 30 of the Complaint.

31. Defendants deny the allegations set forth in paragraph 31 of the Complaint.

32. Defendants deny the allegations set forth in paragraph 32 of the Complaint.

**Responses to Plaintiff Tucker Lamb Allegations**

33. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the Complaint, except admit that Carle Place, New York is in Nassau County.

34. Defendants deny the allegations set forth in paragraph 34 of the Complaint, except admit the Plaintiff Tucker Lamb worked for Vincent's as a server until approximately April 2014.

35. Defendants admit the allegations set forth in paragraph 35 of the Complaint.

36. Defendants deny the allegations set forth in paragraph 36 of the Complaint.

37. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the Complaint, except admit that Plaintiff Lamb's schedule varied over the years.

38. Defendants deny the allegations set forth in paragraph 38 of the Complaint, and further deny knowledge or information sufficient to form a belief as to what Plaintiff Lamb estimates.

39. Defendants deny the allegations set forth in paragraph 39 of the Complaint.

40. Defendants deny the allegations set forth in paragraph 40 of the Complaint.

41. Defendants deny the allegations set forth in paragraph 41 of the Complaint.

42. Defendants deny the allegations set forth in paragraph 42 of the Complaint.

43. Defendants deny the allegations set forth in paragraph 43 of the Complaint.

**Responses to Plaintiff Stephanie Rossi Allegations**

44. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of the Complaint, except admit that Long Beach, New York is in Nassau County.

45. Defendants deny the allegations set forth in paragraph 45 of the Complaint, except admit that Plaintiff Stephanie Rossi worked for Vincent's as a server.

46. Defendants admit the allegations set forth in paragraph 46 of the Complaint.

47. Defendants deny the allegations set forth in paragraph 47 of the Complaint.

48. Defendants deny the allegations set forth in paragraph 48 of the Complaint and further deny knowledge or information sufficient to form a belief as to the truth of what Plaintiff Rossi recalls, except admit that Plaintiff Rossi's shifts varied over the years she was there.

49. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 49 of the Complaint.

50. Defendants deny the allegations set forth in paragraph 50 of the Complaint.

51. Defendants deny the allegations set forth in paragraph 51 of the Complaint.

52. Defendants deny the allegations set forth in paragraph 52 of the Complaint.

53. Defendants deny the allegations set forth in paragraph 53 of the Complaint.

54. Defendants deny the allegations set forth in paragraph 54 of the Complaint.

**Responses to Plaintiff Robert Trepsas Allegations**

55. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 55, except admit that Hicksville, New York is in Nassau County.

56. Defendants deny the allegations set forth in paragraph 56 of the Complaint, except admit that Plaintiff Robert Trepsas worked for Vincent's as a server.

57. Defendants admit the allegations set forth in paragraph 57 of the Complaint.

58. Defendants deny the allegations set forth in paragraph 58 of the Complaint.

59. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 59 of the Complaint, except admit that Plaintiff Trepsas's schedule varied over the years.

60. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 60 of the Complaint.

61. Defendants deny the allegations set forth in paragraph 61 of the Complaint.

62. Defendants deny the allegations set forth in paragraph 62 of the Complaint.

63. Defendants deny the allegations set forth in paragraph 63 of the Complaint.

64. Defendants deny the allegations set forth in paragraph 64 of the Complaint.

65. Defendants deny the allegations set forth in paragraph 65 of the Complaint.

**Responses to Plaintiffs' Collective Action Allegations**

66. Paragraph 66 of the Complaint sets forth mere legal argument and conclusion to which no response is required. To the extent said paragraph is deemed to contain any factual allegations, Defendants deny such allegations, except admit that Plaintiffs purport to bring the First Claim for Relief as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of non-

salaried workers in the "front of the house" or the "back of the house" on or after the date three years before the filing of the instant Complaint.

67.  Defendants deny the allegations set forth in paragraph 67 of the Complaint.

68.  Defendants deny the allegations set forth in paragraph 68 of the Complaint.

69.  Defendants deny the allegations set forth in the first sentence of paragraph 69 of the Complaint, except admit that the persons employed by Vincent's over the last three years are readily ascertainable from Vincent's records.  The second sentence of paragraph 69 of the Complaint sets forth mere legal argument and conclusion to which no response is required.  To the extent said paragraph is deemed to contain any factual allegations, Defendants deny such allegations.

**Responses to Plaintiffs' Rule 23 Class Action Allegations**

70.  Paragraph 70 of the Complaint sets forth mere legal argument and conclusion to which no response is required.  To the extent said paragraph is deemed to contain any factual allegations, Defendants deny such allegations, except admit that Plaintiffs purport to bring the Second Claim for Relief as a class action pursuant to Fed. R. Civ. P. 23 on behalf of non-salaried workers in the "front of the house" or the "back of the house" on or after the date six years before the filing of the instant Complaint within the state of New York ("proposed NYLL Class").

71.  Defendants deny the allegations set forth in the first sentence of paragraph 71 of the Complaint, except admit that the persons employed by Vincent's over the last six years are readily ascertainable from Vincent's records.  The second sentence of paragraph 71 of the Complaint sets forth mere legal argument and conclusion to which no response is required.  To

103211074                                          8

the extent said paragraph is deemed to contain any factual allegations, Defendants deny such allegations.

72. Defendants deny the allegations set forth in paragraph 72 of the Complaint, except admit that Defendants have information about the precise number of persons in their custody or control and there are more than fifty (50) individuals in the proposed NYLL Class.

73. Defendants deny the allegations set forth in paragraph 73 of the Complaint, except admit that joinder of all members of the proposed NYLL Class is impracticable.

74. Defendants deny the allegations set forth in paragraph 74 of the Complaint.

75. Defendants deny the allegations set forth in the first sentence of paragraph 75 of the Complaint. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of paragraph 75.

76. Paragraph 76 of the Complaint sets forth mere legal argument and conclusion to which no response is required. To the extent said paragraph is deemed to contain any factual allegations, Defendants deny such allegations.

77. Paragraph 77 of the Complaint sets forth mere legal argument and conclusion to which no response is required. To the extent said paragraph is deemed to contain any factual allegations, Defendants deny such allegations.

78. Paragraph 78 of the Complaint sets forth mere legal argument and conclusion to which no response is required. To the extent said paragraph is deemed to contain any factual allegations, Defendants deny such allegations.

79. Paragraph 79 of the Complaint sets forth mere legal argument and conclusion to which no response is required. To the extent said paragraph is deemed to contain any factual allegations, Defendants deny such allegations.

## **RESPONSE TO PLAINTIFFS' LEGAL CLAIMS**

**Responses to Plaintiffs' FLSA Allegations**

80. Defendants reassert and reiterate their responses above to paragraphs 1 through 79 of the Complaint as if fully set forth herein.

81. Defendants deny the allegations set forth in paragraph 81 of the Complaint.

82. Paragraph 82 of the Complaint sets forth mere legal argument and conclusion to which no response is required.  To the extent said paragraph is deemed to contain any factual allegations, Defendants deny such allegations.

83. Defendants deny the allegations set forth in paragraph 83 of the Complaint.

84. Defendants deny the allegations set forth in paragraph 84 of the Complaint.

85. Defendants deny the allegations set forth in paragraph 85 of the Complaint.

86. Defendants deny the allegations set forth in paragraph 86 of the Complaint.

87. Defendants deny the allegations set forth in paragraph 87 of the Complaint.

88. Defendants deny the allegations set forth in paragraph 88 of the Complaint.

89. Defendants deny the allegations set forth in paragraph 89 of the Complaint.

90. Defendants deny the allegations set forth in paragraph 90 of the Complaint.

91. Defendants deny the allegations set forth in paragraph 91 of the Complaint.

92. Paragraph 92 of the Complaint sets forth mere legal argument and conclusion to which no response is required.  To the extent said paragraph is deemed to contain any factual allegations, Defendants deny such allegations.

93. Defendants deny the allegations set forth in paragraph 93 of the Complaint.

94. Defendants deny the allegations set forth in paragraph 94 of the Complaint.

95. Defendants deny the allegations set forth in paragraph 95 of the Complaint.

96. Paragraph 96 of the Complaint sets forth mere legal argument and conclusion to which no response is required. To the extent said paragraph is deemed to contain any factual allegations, Defendants deny such allegations.

97. Paragraph 97 of the Complaint sets forth mere legal argument and conclusion to which no response is required. To the extent said paragraph is deemed to contain any factual allegations, Defendants deny such allegations.

**Responses to Plaintiffs' FLSA Allegations**

98. Defendants reassert and reiterate their responses above to paragraphs 1 through 79 of the Complaint as if fully set forth herein.

99. Paragraph 99 of the Complaint sets forth mere legal argument and conclusion to which no response is required. To the extent said paragraph is deemed to contain any factual allegations, Defendants deny such allegations, except admit that Plaintiffs were employed by Vincent's.

100. Defendants deny the allegations set forth in paragraph 100 of the Complaint.

101. Defendants deny the allegations set forth in paragraph 101 of the Complaint.

102. Defendants deny the allegations set forth in paragraph 102 of the Complaint.

103. Defendants deny the allegations set forth in paragraph 103 of the Complaint, except admit that some of the Plaintiffs worked more than 10 hours on at least some workdays.

104. Defendants deny the allegations set forth in paragraph 104 of the Complaint, except admit that some of the Plaintiffs worked a "split shift" on at least some workdays.

105. Defendants deny the allegations set forth in paragraph 105 of the Complaint.

106. Defendants deny the allegations set forth in paragraph 106 of the Complaint.

107. Paragraph 107 of the Complaint sets forth mere legal argument and conclusion to which no response is required. To the extent said paragraph is deemed to contain any factual allegations, Defendants deny such allegations.

108. Paragraph 108 of the Complaint sets forth mere legal argument and conclusion to which no response is required. To the extent said paragraph is deemed to contain any factual allegations, Defendants deny such allegations.

109. Defendants deny the allegations set forth in paragraph 109 of the Complaint.

110. Defendants deny the allegations set forth in paragraph 110 of the Complaint.

111. Paragraph 111 of the Complaint sets forth mere legal argument and conclusion to which no response is required. To the extent said paragraph is deemed to contain any factual allegations, Defendants deny such allegations.

112. Defendants deny the allegations set forth in paragraph 112 of the Complaint, except admit that Plaintiffs were, at some point in time, employed in or in connection with Vincent's "restaurant."

113. Defendants deny the allegations set forth in paragraph 113 of the Complaint, except admit that some Plaintiffs, from time to time, may have worked a shift of more than six hours extending over the noon day meal.

114. Defendants deny the allegations set forth in paragraph 114 of the Complaint, except admit that some Plaintiffs, from time to time, may have worked a shift starting before 11:00 a.m. and ending later than 7:00 p.m.

115. Paragraph 115 of the Complaint sets forth mere legal argument and conclusion to which no response is required. To the extent said paragraph is deemed to contain any factual allegations, Defendants deny such allegations.

116. Defendants deny the allegations set forth in paragraph 116 of the Complaint.

117. Defendants deny the allegations set forth in paragraph 117 of the Complaint.

118. Defendants deny the allegations set forth in paragraph 118 of the Complaint.

**WHEREFORE**, Defendants deny that Plaintiffs are entitled to any relief prayed for.

## AFFIRMATIVE AND OTHER DEFENSES

Without unnecessarily assuming the burden of proof, Defendants assert the following affirmative and other defenses:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Upon information and belief, Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

### THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel, quasi-estoppel, and/or equitable estoppel.

### FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations and/or the doctrine of laches.

### FIFTH DEFENSE

Plaintiffs' demand for liquidated damages is barred, in whole or in part, by the United States Constitution, the New York Constitution, and/or by the statutes under which this action purportedly is brought.

## SIXTH DEFENSE

Defendants at all times, and in all manners, acted in good faith, in accordance with any and all duties and obligations that they may have had under the laws, regulations and/or public policy of the State of New York, or otherwise.

## SEVENTH DEFENSE

Plaintiffs are not entitled to liquidated because of Defendants' good faith efforts to comply with applicable law.

## EIGHTH DEFENSE

At all times, Defendants exercised reasonable care to prevent and correct promptly any alleged unlawful acts in the workplace, and/or Plaintiffs unreasonably failed to take proper advantage of the preventive and corrective opportunities provided by Defendants or to avoid harm otherwise.

## NINTH DEFENSE

Plaintiffs cannot show that a class or collective action can or should be certified or approved pursuant to Federal Rule of Civil Procedure 23, the FLSA, NYLL or any other applicable law.

## TENTH DEFENSE

No class or collective action is appropriate because common issues of fact do not predominate.

## ELEVENTH DEFENSE

Plaintiffs will not adequately represent the putative class or collective because their claims and alleged injuries are dissimilar to those of the putative class.

## TWELFTH DEFENSE

Plaintiffs cannot show that there are questions of law or fact in common to the putative class, or that the claims or defenses of the representative parties are typical of the claims or defenses of the putative class.

## THIRTEENTH DEFENSE

Plaintiffs' claims for damages are barred, in whole or in part, because Defendants are entitled to a set-off for all monies recovered by Plaintiffs or any other putative class member from other sources by way of settlement, judgment, or otherwise.

**WHEREFORE**, Defendants pray that Plaintiffs' Complaint be dismissed in its entirety with prejudice and that Defendants be awarded attorneys' fees and costs and such other and further relief that the Court may deem just, equitable, and proper.

Dated: New York, New York
April 21, 2017

        **DENTONS US LLP**

       By: /s/ Neil A. Capobianco_____
         Neil A. Capobianco
         Mark D. Meredith

         1221 Avenue of the Americas
         New York, New York  10020
         Tel:  (212) 768-6700
         Neil.Capobianco@dentons.com
         Mark.Meredith@dentons.com

         *Attorneys for Defendants Quadami Inc.*
         *d/b/a Vincent's Clam Bar, Anthony Marisi,*
         *and Robert "Bobby" Marisi*