大成 DENTONS

Neil A. Capobianco
Partner

neil.capobianco@dentons.com
D   +1 212 398 5781

Dentons US LLP
1221 Avenue of the Americas
New York, NY 10020-1089
United States

大成 Salans FMC SNR Denton McKenna Long
dentons.com

April 27, 2017

VIA ECF

Honorable Anne Y. Shields
United States Magistrate Judge
United States District Court
101 Federal Plaza
Central Islip, NY  11722

Re: Rosino v. Quadami, Inc.
    Case No. 2:17-cv-01126-ADS-AYS

Dear Judge Shields:

This firm represents Defendants Quadami, Inc. d/b/a Vincent's Clam Bar, Anthony Marisi, and Robert "Bobby" Marisi (collectively "Vincent's").  We write in response to Plaintiffs' request for a pre-motion conference to discuss conditional certification pursuant to the Fair Labor Standards Act ("FLSA"). We note that the Court has scheduled this conference for May 18, 2017.

While Plaintiffs have articulated six (6) alleged wage/hour violations, two (2) of them do not constitute FLSA violations – namely, lack of "spread of hours" pay and failure to provide wage notices required by the New York Labor Law ("NYLL").  As to the remaining four (4) alleged FLSA violations, Plaintiffs have not made the required "modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law."  *Mendoza v. Little Luke, Inc.*, No. 14-3416, 2015 WL 5918580, at *3 (E.D.N.Y. Oct. 9, 2015) (citations omitted).

Vincent's fully recognizes that the Court will not weigh the merits of Plaintiffs' underlying claims, resolve factual disputes, or evaluate credibility at this very preliminary stage.  Nonetheless, the undersigned has reviewed Plaintiffs' punch and payroll records for the last three (3) years – and has provided such records to Plaintiffs' counsel – and must legitimately question whether Plaintiffs' assertions of FLSA violations have been made in good faith.[1]

Specifically, Plaintiffs' allegations of FLSA violations consist of the following:

(1) deductions for alleged meal breaks that Plaintiffs were unable to take;

(2) failure to follow the "tip credit" requirements;

(3) "improper rate paid for overtime premium pay"; and

(4) "improper deductions to pay."

Despite these allegations, nothing in the record before the Court – not even a declaration from one of the Plaintiffs – establishes that any of the Plaintiffs were actually deprived of proper overtime pay due to one of these alleged FLSA violations.  Nor do Plaintiffs show that any of them have reason to know – much less *how* they know – that any other Vincent's employee in any job title was in fact the victim of a common unlawful practice.  It is clear that the requisite "modest factual showing" cannot be satisfied simply by "unsupported assertions."  *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010).

Notably, the named Plaintiffs all were employed by Vincent's as "servers" (Complaint ¶¶ 24, 34, 45, 56), yet they offer no averment that other servers – much less any of the other hourly employees they seek to represent – were subject to any similar FLSA violation.  Indeed, the only statement before the

---

[1] Notably, only two of the named Plaintiffs (Marissa Rosino and Tucker Lamb) and two of the opt-in Plaintiffs (Patrick Viviano and John McGowan) were employed by Vincent's within the last three years.

103479656

Case 2:17-cv-01126-ADS-AYS   Document 31   Filed 04/27/17   Page 2 of 2 PageID #: 116

大成 DENTONS

Honorable Anne Y. Shields
April 27, 2017
Page 2

大成 Salans FMC SNR Denton McKenna Long
dentons.com

Court is that each named Plaintiff avers: "I believe I was underpaid for my work in various ways, including but not limited to underpayment for overtime work." Consents to Join (Docket Entries 11, 17, 18, 23). Vincent's respectfully submits that these averments fall far short of the requisite "substantial allegations that the putative class members were together the victims of a single decision, policy or plan." *Mendoza*, at *4.

In *Mendoza*, the Court *did* conditionally certify a collective action and authorize notice to similarly situated "florists" employed for the prior three (3) years, but it did so based upon the factual affidavits submitted by three named plaintiffs and four opt-in plaintiffs that showed that (1) all the florists had worked in excess of 40 weekly hours for at least part of the year, (2) none of them had been paid any overtime at all, and (3) they had spoken to other named florists who confirmed that they had received no overtime pay for their overtime work either. *Id.* at *1, *6, *7. In contrast, the court in *Qing Gu v. T.C. Chirkurin, Inc.*, No. 13-2322, 2014 U.S. Dist. LEXIS 53813, at *10 (E.D.N.Y. Apr. 17, 2014), denied conditional certification because the declarations of the four plaintiffs restaurant deliverymen failed to provide any factual details about the other employees with whom they spoke, such as their names, job titles, or duties. *See Silva v. Calle 8, LLC*, No. 12-677, 2013 U.S. Dist. LEXIS 171696, at *4, *7-*12 (E.D.N.Y. Dec. 5, 2013) (denying conditional certification where plaintiff bus boy and barback failed to provide factual details about other employees with whom he spoke, such as their names, job titles, and duties, and failed to provide any description of job duties of proposed group of plaintiffs); *Zheng v. Good Fortune Supermarket Group (USA), Inc.*, No. 13-60, 2013 U.S. Dist. LEXIS 130673, at *14-*15 (E.D.N.Y. Sept. 12, 2013) (denying conditional certification where plaintiff supermarket clerk alleged deduction for one hour meal period despite only being afforded 30 minutes and that she noticed similar deductions from other clerks' time entries, but failed to identify employees she observed and with whom she spoke and failed to explain basis for her observations); *Guan Ming Lin v. Benihana Nat'l Corp.*, 755 F. Supp. 2d 504, 510-13 (S.D.N.Y. 2010) (denying conditional certification where plaintiff delivery person failed to identify names, wages rates, expenses, and job duties of other employees whom plaintiff allegedly observed receiving subminimum wages).

Assuming *arguendo* that the Court ultimately determines that FLSA notice is appropriate, Vincent's objects to the relevant time frame and notice distribution methods requested by Plaintiffs. While the court in *Klimchak v. Cardrona, Inc.*, No. 09-4311, 2011 U.S. Dist. LEXIS 30652 (E.D.N.Y. Mar. 24, 2011), did authorize notice to potential opt-ins going back six (6) years "since the number of potential plaintiffs [50] is not large" (*id.* at *22), "the confusion caused by notifying plaintiffs who potentially have two disparate claims with different statutes of limitations, along with the inefficiency of providing notice to plaintiffs whose claims may well be time-barred" generally warrants going back only three (3) years. *Trinidad v. Pret A Manger (USA) Ltd.*, 962 F. Supp. 2d 545, 564 (S.D.N.Y. 2013). "Authorizing notice for a time period twice the length of the maximum FLSA limitations period would not serve the efficiency goal" of court-facilitated notice." *Id.* The "more recent trend … is to approve three-year notice periods…." *Sanchez v. El Rancho Sports Bar Corp.*, No. 13-5119, 2014 WL 1998236, at *4 (S.D.N.Y. May 13, 2014).

In addition, Plaintiffs' request for notice by email or text message would violate Rule 7.3(a)(1) of the Rules of Professional Conduct prohibiting solicitation by real-time or interactive computer accessed communication. Similarly, seeking to compel Vincent's to post Plaintiffs' solicitation at the restaurant would constitute an unfair denial of due process if posting precedes the demonstration of the existence of any actual violation.

Respectfully submitted,

Neil A. Capobianco