UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MARISSA ROSINO,TUCKER LAMB,
STEPHANIE ROSSI, ROBERT
TREPSAS, in their individual capacities And on
behalf of others similarly situated,

          SHORT ORDER
          2:17-cv-1126 (ADS)(AYS)

                Plaintiffs,

   -against-

QUADAMI,INC., d/b/a Vincent's Clam Bar, ANTHONY
MA.RISI, an individual, and ROBERT "BOBBY"
MA.RISI, an individual,
                Defendants
----------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 26 2018 ∗

**APPEARANCES:**

**Anderson Dodson, P.C.**
*Attorneys for the Plaintiffs*
11 Broadway, Suite 615
New York, NY 10004
      By:    Penn Dodson, Esq., Of Counsel

**Dentons US LLP**
*Attorneys for the Defendants*
1211 Avenue of the Americas
New York, NY 10020
      By:    Neil A. Capobianco, Esq., Of Counsel

**SPATT, District Judge.**

      On March 26, 2018, the Court conducted a hearing to determine whether the parties' proposed settlement agreement comports with the Second Circuit's opinion in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), cert. denied, __ U.S. __, 136 S. Ct. 824, 193 L. Ed. 2d 718 (2016).  At that hearing, the Court determined that the proposed settlement agreement largely comports with the various factors detailed in *Cheeks*.  Specifically, the Court held that the settlement agreement does not include a confidentiality agreement and

includes release language that substantially comports with *Cheeks*. However, the Court held that the request for fees and costs requested in the proposed settlement agreement, which represented approximately 52.64% of the gross settlement, was above what is routinely approved by the Court.

Upon further reflection, however, and after a review of the applicable cases on the subject, the Court has determined that the request for attorneys' fees and costs is indeed fair and reasonable. *See Millea v. Metro-North R. Co.*, 658 F.3d 154, 166-68 (2d Cir. 2011); *Zamora v. One Fifty Fifty Seven Corp.*, No. 14-CIV. 8043, 2016 WL 1366653, at *2 (S.D.N.Y. Apr. 1, 2016) (internal citations omitted). Although the requested award for fee and costs is a higher percentage than is typical in the Second Circuit, the distinctive circumstances present in this case as well as the fact that it is an individual FLSA action and the above-mentioned Second Circuit ruling convince the Court that the request for attorneys' fees in the case should be granted.

For these reasons, the Court approves the settlement in its entirety as fair and reasonable. In light of the settlement, the actions is dismissed with prejudice between the parties. The Clerk of the Court is respectfully requested to mark this matter as closed.

Dated: Central Islip, New York
March 26, 2018

s/ Arthur D. Spatt
_____
ARTHUR D. SPATT
United States District Judge